# RESCRIPT OPINIONS.

JOHN J. NETTIS *vs.* COMMONWEALTH. April 29, 1993. *Supreme Judicial Court.* Supervision of inferior courts. *Practice, Criminal,* Dismissal, Interlocutory appeal.

Nettis (defendant) filed a motion to dismiss the three-count indictment against him. That motion was denied based on G. L. c. 277, § 63 (1990 ed.). The defendant then sought relief pursuant to G. L. c. 211, § 3 (1990 ed.). A single justice of this court denied relief under G. L. c. 211, § 3. The defendant appeals. The appeal must be dismissed. "The denial of a motion to dismiss pursuant to Mass. R. Crim. P. 13[, 378 Mass. 871 (1979),] is not appealable by a defendant until after trial. General Laws c. 211, § 3, may not be used to circumvent our rule. . . . General Laws c. 211, § 3, is not a substitute for normal appellate review of interlocutory orders." *Ventresco* v. *Commonwealth,* 409 Mass. 82, 83-84 (1991) (footnote omitted). In this case, the defendant's claim for review does not meet the two-part test set forth in *Morrissette* v. *Commonwealth,* 380 Mass. 197, 198 (1980). The single justice did not reserve and report the issue; nor did he decide the issue. He merely denied relief pursuant to G. L. c. 211, § 3. This appeal therefore is not properly before us. See *Ventresco* v. *Commonwealth, supra.*

*Appeal dismissed.*

The case was considered on the Commonwealth's motion to dismiss, a memorandum in support thereof, and the plaintiff's opposition thereto; the record before the single justice; and the Commonwealth's request for an expedited decision.

*LaDonna J. Hatton,* Assistant Attorney General, for the Commonwealth.

*Thomas Lesser* for the plaintiff.