# United States Court of Appeals
## For the First Circuit

No. 05-2405

DAVID JOSSELYN,

Petitioner, Appellant,

v.

KATHLEEN DENNEHY, COMMISSIONER, MASSACHUSETTS
DEPARTMENT OF CORRECTION,

Respondent, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. George A. O'Toole, Jr., U.S. District Judge]

Before

Torruella, Circuit Judge,

Cyr, Senior Circuit Judge,

and Howard, Circuit Judge.

Rosemary Curran Scapicchio for petitioner.
Annette C. Benedetto, Assistant Attorney General, Criminal
Bureau, with whom Thomas F. Reilly, Attorney General, was on
brief, for respondent.

January 19, 2007

**HOWARD**, **Circuit Judge**. This appeal raises questions concerning a "mixed" habeas corpus petition (a petition where not all of the claims have been exhausted before the state court) filed by Massachusetts prisoner David Josselyn. In particular, we consider whether Josselyn's petition does, in fact, include unexhausted claims and, if so, whether the district court should have stayed the federal action while Josselyn exhausted these claims.

Josselyn was convicted in Massachusetts state court of armed robbery with intent to assault, unlawful possession of a firearm, and unlawfully discharging a firearm. Josselyn appealed to the Massachusetts Appeals Court, raising six issues, including that the prosecutor improperly appealed to the jury's sympathy and incorrectly stated the burden of proof during the closing argument. The Appeals Court affirmed Josselyn's conviction, and Josselyn filed an application for leave to obtain further appellate review (ALOFAR) with the Massachusetts Supreme Judicial Court (SJC). In his ALOFAR, Josselyn raised the claims that he had pressed before the Appeals Court, except for the two closing argument claims. The SJC declined to afford Josselyn further appellate review.

Josselyn then filed a petition for a writ of habeas corpus in federal district court, raising all the claims included in the ALOFAR and attempting to revive the closing argument claims. The Commonwealth moved to dismiss the petition on the ground that

the closing argument claims were unexhausted. The district court agreed and dismissed the petition after Josselyn refused the district court's offer to proceed on only the exhausted claims. Josselyn then asked the district court to issue a certificate of appealability to allow consideration of whether his closing argument claims were unexhausted the petition should have been stayed instead of dismissed. The court granted the certificate insofar as it concerned the stay question, and we expanded it to include whether Josselyn had, in fact, exhausted the closing argument claims before the state court. We begin our analysis by considering this latter question.

Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thus giving the state the first "opportunity to pass upon and correct alleged violations of its prisoners' federal rights." Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam)(internal citations omitted). A claim for habeas corpus relief has been exhausted where the claim has been "fairly presented" to the state courts. Baldwin v. Reese, 541 U.S. 27, 29 (2004). A claim is fairly presented so long as it is made in such a way that "a reasonable jurist" would have recognized "the existence of the federal question." Casella v. Clemons, 207 F.3d 18, 20 (1st Cir. 2000). Where, as here, a state's highest court offers discretionary review, a petitioner must present that court

with the opportunity to review the federal claim to have exhausted available state remedies. Baldwin, 541 U.S. at 29. We review a ruling that a habeas claim has not been exhausted de novo. Adelson v. DiPaola, 131 F.3d 259, 262 (1st Cir. 1997).

The SJC has the power of discretionary review over decisions of the Appeals Court. An unsuccessful party before the Appeals Court seeks discretionary review from the SJC by filing an ALOFAR. Mass. R. App. Proc. 27.1 (b). The ALOFAR must include "a statement of the points with respect to which further appellate review of the decision of the appeals court is sought." Id. 27 (b)(4). Josselyn concedes that his ALOFAR did not include the closing argument claims. He argues, however, that he exhausted these claims by presenting them to the Appeals Court. To make this argument, Josselyn relies on the SJC's power to review all the issues that were before the Appeals Court, including issues not included in the ALOFAR. See Bradford v. Baystate Med. Ctr., 613 N.E.2d 82, 85 (Mass. 1993). He also relies on the fact that the SJC justices had before them the Appeals Court's opinion when ruling on his ALOFAR, and thus were aware that he had presented the closing argument claims to the Appeals Court.[1]

---

[1]When deciding whether to grant an ALOFAR, the SJC justices do not have before them the Appeals Court briefs or record. These materials are only transmitted to the SJC once the ALOFAR is granted.

-4-

We rejected this precise argument in <u>Mele</u> v. <u>Fitchburg</u> <u>Dist. Court.</u>, 850 F.2d 817, 823 (1st Cir. 1988) and are bound by that decision, <u>see</u> <u>N.H. Motor Transp. Ass'n</u> v. <u>Rowe</u>, 448 F.3d 66, 76 (1st Cir. 2006). We observed, in part, that finding exhaustion where a claim appeared in the Appeals Court's decision but was omitted from the ALOFAR would unfairly require "the SJC to go over each and every opinion of the [Appeals Court] with a fine tooth comb, in an unremitting search for errors that the parties have neglected to pursue . . . ." <u>Mele</u>, 850 F.2d at 823. The Supreme Court recently applied similar reasoning in a case that presented an almost identical issue. <u>See</u> <u>Baldwin</u>, 541 U.S. at 31 (noting that any requirement that the highest state court reviews the lower appellate opinion to consider issues not in the petition for discretionary review "would impose a serious burden upon judges of state appellate courts"). Accordingly, the continued vitality of <u>Mele</u> is not in question.

Josselyn points to cases decided after <u>Mele</u> where we examined materials outside of the ALOFAR to determine whether claims had been fairly presented to the SJC. <u>See</u> <u>Goodrich</u> v. <u>Hall</u>, 448 F.3d 45, 48 (1st Cir. 2006); <u>Barresi</u> v. <u>Maloney</u>, 296 F.3d 48, 52 n.1 (1st Cir. 2002); <u>Scarpa</u> v. <u>Dubois</u>, 38 F.3d 1, 7 n.3 (1st Cir. 1994). These cases are, however, easily distinguishable. In <u>Goodrich</u>, <u>Barresi</u>, and <u>Scarpa</u>, the petitioner's ALOFAR was ambiguous as to whether it included a particular federal claim. In those

-5-

circumstances, we permitted the examination of "background materials" to clarify the nature of claim that was made in the ALOFAR.  See Goodrich, 448 F.3d at 48; Barresi, 296 F.3d at 52; Scarpa, 38 F.3d at 7 n.3.[2]  Here, by contrast, Josselyn's ALOFAR omitted the closing argument claims entirely.  Thus, there is no need for clarification.

We turn next to the propriety of the district court's dismissal of Josselyn's mixed petition.  Prior to Congress' revamping of habeas corpus as part of the Antiterrorism and Effective Death Penalty Act of 1996 (AEPDA), the Supreme Court held that a federal district court could not adjudicate a mixed habeas corpus petition.  See Rose v. Lundy, 455 U.S. 509, 518-19 (1982).  Congress maintained this "total exhaustion" requirement for post-AEPDA petitions.  28 U.S.C. § 2254(b)(1)(A).  In AEDPA, Congress also adopted a one-year statute of limitations for the filing of fully-exhausted claims in a federal habeas petition, id. § 2244(d), and did not provide for the tolling of the limitations period while a mixed habeas petition was pending in federal court, Duncan v. Walker, 533 U.S. 167, 181-82 (2001).  As the Supreme Court recently

_____

[2]The Commonwealth argues that the Supreme Court's decision in Baldwin abrogates our rule that background materials may be considered to interpret an otherwise ambiguous ALOFAR.  See 541 U.S. at 32 (holding that "ordinarily a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond the petition or brief").  Because of our resolution of Josselyn's argument, we do not reach this question.

explained, the combined effect of these provisions has caused difficulties for filers of mixed petitions:

> As a result of the interplay between AEDPA's 1-year statute of limitations and Lundy's dismissal requirement, petitioners who come to federal court with 'mixed' petitions run the risk of forever losing their opportunity for any federal review of their unexhausted claims. If a petitioner files a timely but mixed petition in federal district court, and the district court dismisses it under Lundy after the limitations period has expired, this will likely mean the termination of any federal review.

Rhines v. Weber, 544 U.S. 269, 275 (2005). This is often true, as well, where the district court dismisses the mixed petition close to the end of the one-year period because "the petitioner's chances of exhausting his claims in state court and refiling his petition in federal court before the limitations periods runs are slim." Id.

To remedy this problem, the Supreme Court approved a "stay and abeyance" procedure in Rhines. Id. at 275. Under this procedure, rather than dismissing a mixed petition under Lundy, a district court can stay the petition and hold it in abeyance while the petitioner exhausts the unexhausted claims. Id. Once all of the claims have been exhausted, the district court can lift the stay and adjudicate the petition. Id. The Court recognized, however, that applying the "stay and abeyance" procedure too frequently could undermine Congress' design in AEDPA to encourage finality in criminal proceedings and to streamline the federal habeas process. Id. at 277. Thus, to obtain a stay of a mixed petition, the

-7-

petitioner must show that there was "good cause" for failing to exhaust the state remedies, the claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory tactics.  Id. at 278.

The district court dismissed Josselyn's petition several weeks before Rhines issued.  Josselyn argues that, under the criteria set forth in Rhines, he was entitled to a stay.  We disagree because he has not demonstrated good cause for failing to exhaust his closing argument claims.  He argues good cause because his counsel allegedly believed that he had exhausted the closing argument claims by presenting them to the Appeals Court.  But, such a belief, if sincerely held, would have been unreasonable in light of Mele.  Ignorance of the law does not constitute good cause.[3]  Cf. In re Kirkland, 86 F.3d 172, 176 (10th Cir. 1996) (stating that ignorance of the law does not generally constitute good cause); Townsel v. Contra Costa County, Cal., 820 F.2d 319, 320 (9th Cir. 1987) (similar).

**Affirmed**.

---

[3]Justice Stevens, concurring in Rhines, suggested that the "good cause" requirement not be strictly imposed against pro se petitioners.  See Rhines, 544 U.S. at 279 (Stevens, J., concurring) (noting concern that "good cause" requirement not become "a trap [for] the unwary pro se prisoner").  The application of the good cause requirement to pro se prisoner's is not implicated here, however, as Josselyn was represented by counsel throughout the state proceedings.