Jose Omar ORTIZ, Petitioner,

v.

Bernard BRADY, Respondent.

Civil Action No. 07–10259–NMG.

United States District Court,
D. Massachusetts.

Feb. 15, 2008.

Chauncey B. Wood, Wood & Nathanson, LLP, Boston, MA, for Petitioner.

Randall E. Ravitz, Office of the Attorney General, Boston, MA, for Respondent.

## MEMORANDUM & ORDER

GORTON, District Judge.

This action arises out of a habeas petition filed by Petitioner Jose Omar Ortiz ("Ortiz") on February 12, 2007.

## I. *Background*

On October 2, 2002, a Hampden County Superior Court ("the Superior Court") jury found Ortiz guilty of murder in the second degree, unlawful possession of a firearm, unlawful possession of a firearm or ammunition without an identification card and discharging a firearm within five hundred feet of a dwelling. Ortiz was sentenced for each of the crimes, the terms for each to run concurrently. In connection with the murder conviction, Ortiz was sentenced to a term of his natural life. On October 31, 2002, Ortiz filed a notice of appeal.

Ortiz's appeal was entered on the docket of the Massachusetts Appeals Court ("the Appeals Court") on July 16, 2004. On December 22, 2004, Ortiz filed a motion to stay proceedings in that court. Treating that request as a motion for leave to file a motion for a new trial in the Superior Court, the Appeals Court allowed it and ordered the proceedings stayed the next day.

Ortiz then filed a motion for post-conviction relief in the Superior Court on December 24, 2004. He subsequently amended that motion twice. On June 13, 2005, the Superior Court denied his motion for post-conviction relief without an evidentiary hearing. The Superior Court also denied Ortiz's motion for discovery and for funds for an investigator.

On June 22, 2005, the Appeals Court lifted the stay and consolidated an appeal from the denial of Ortiz's motion for post-conviction relief with the direct appeal from the jury verdict. Three months later, the Appeals Court affirmed the judgment against Ortiz and the Superior Court's denial of his motion for post-conviction relief. Ortiz filed a petition for rehearing in the Appeals Court on September 20, 2006 which was denied two days later.

On September 27, 2006, Ortiz filed an Application for Leave to Obtain Further Appellate Review ("the ALOFAR") with the Massachusetts Supreme Judicial Court ("the SJC"). In the ALOFAR Ortiz argued that: 1) the decision of the Appeals Court was a meaningless ritual in that the Court both ignored evidence of prejudicial prosecutor misconduct and misstated the law governing a missing witness instruction and 2) the Appeals Court erroneously concluded that defendant was not entitled to funds for an investigator. Ortiz's ALOFAR was denied on November 2, 2006.

The petition in this Court was filed on February 12, 2007 and advanced three grounds for federal habeas corpus relief: 1) deprivation of Ortiz's right to due process of law as a result of prosecutor misconduct ("the prosecutor misconduct claim"), 2) deprivation of the constitutional right to due process of law as a result of the denial of a motion for funds ("denial of funds claim") and 3) deprivation of due process of law as a result of the State appellate court refusing to address the merits of the petitioner's principal argument on appeal ("failing to address merits claim").

The Respondent, Bernard Brady, ("the Respondent") filed a motion to dismiss the petition on April 9, 2007. On April 24, 2007, Ortiz filed a motion to Stay Proceedings on his Motion for Writ of Habeas Corpus.

## II. *Respondent's Motion to Dismiss (Docket No. 5)*

■ The Respondent, in his motion to dismiss, argues that Ortiz has failed to exhaust state remedies as required by statute. *See* 28 U.S.C. § 2254(b)(1). He contends that although Ortiz raised his claim of prosecutor misconduct in the state courts, he did not raise that claim based on federal law. Ortiz stated in his ALOFAR

that the alleged conduct "prejudiced [his] right to fair trial" but did not otherwise reference federal law. The Respondent also avers that Ortiz has not exhausted his claim that the SJC failed to address the merits of his appeal. Although Ortiz alleged in his ALOFAR that the Appeals Court failed to address the merits of the claim, he did not give the SJC an opportunity to consider his claim that the SJC itself had similarly failed to address the merits.

Rather than file an opposition to the Respondent's motion, Ortiz has filed a motion to stay the proceedings until he is able to exhaust the allegedly unexhausted claims. As explained below, because this Court will deny Ortiz's motion to stay, it will give him an opportunity to oppose the Respondent's motion to dismiss. If Ortiz prefers, he may voluntarily dismiss the two claims that the Respondent claims are unexhausted so that he may proceed in this Court on the exhausted claims.

Although the Respondent moves this Court to dismiss the entire petition due to the two allegedly unexhausted claims, the Supreme Court has made clear that courts should allow habeas petitioners to delete unexhausted claims and to proceed with exhausted claims if dismissal of the entire petition would impair the petitioner's right to obtain federal relief. *Rhines v. Weber,* 544 U.S. 269, 278, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005). Because the one year period of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d), began to run on January 31, 2007, if this Court were to dismiss Ortiz's entire petition at this point, he would be unable to pursue federal relief on his exhausted claims. Consequently, Ortiz will be permitted either to file an opposition to the Respondent's motion to dismiss or to delete the claims that the Respondent has

alleged are unexhausted so that he may pursue his exhausted claims. The reasons a stay is not appropriate in this case are discussed below.

## III. *Ortiz's Motion to Stay Proceedings on his Motion for Writ of Habeas Corpus (Docket No. 9)*

■ In his motion to stay, Ortiz does not concede that he failed to exhaust his state remedies but he admits that "reasonable people could disagree about this question." In order to avoid the danger of having this Court or an appellate court rule that he failed to exhaust his state remedies and therefore dismiss his petition at a point when Ortiz would have insufficient time to exhaust and return to federal court, Ortiz moves this Court to follow the "stay and abeyance" procedure adopted by the United States Supreme Court in *Rhines v. Weber*, 544 U.S. 269, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005). That procedure affords habeas petitioners who have filed "mixed petitions", i.e., petitions with both exhausted and unexhausted claims, an opportunity to return to state court to exhaust the unexhausted claims without risk of running out of time under AEDPA statute of limitations.

### A. Legal Standard for Stay and Abeyance under *Rhines*

■ In *Rhines* the Supreme Court discussed three factors for courts to consider when deciding whether to stay a mixed petition. First, the petitioner must show good cause for failure to exhaust the claims in state court. Second, a stay is not appropriate if the petitioner's claims are plainly meritless. Third, if a petitioner engages in abusive litigation tactics or intentional delay, the court should not grant a stay. 544 U.S. at 277–78, 125 S.Ct. 1528.

### B. Good Cause

Ortiz argues that, to the extent he has failed to exhaust his state remedies, he has good cause. He identifies the only allegedly unexhausted claim as the prosecutor misconduct claim. Ortiz's attorney admits that he did not specify in the state court proceedings that the prosecutor's misconduct violated Ortiz's federal constitutional right to due process of law under the Fourteenth Amendment. Nor did his attorney cite any Supreme Court authority or other federal case law in support of his claim in the state court proceedings. Ortiz's counsel contends that his failure to specify and cite federal law was an oversight that was neither strategic nor tactical and therefore it resulted from ineffective assistance of counsel. Ortiz cites Ninth Circuit precedent to support the proposition that ineffective assistance of counsel constitutes good cause. *See Fetterly v. Paskett*, 997 F.2d 1295, 1298 (9th Cir.1993), *cert. denied*, 513 U.S. 914, 115 S.Ct. 290, 130 L.Ed.2d 205 (1994).

■ The Respondent argues that "simple oversight" does not constitute good cause in this circuit. The First Circuit Court of Appeals has held that ignorance of the law does not constitute good cause, *Josselyn v. Dennehy*, 475 F.3d 1, 5 (1st Cir.2007) nor does a good faith belief that the state law claims have been exhausted, *Clements v. Maloney*, 485 F.3d 158, 170 (1st Cir.2007). Although Ortiz attempts to distinguish those attorneys' mistakes from his own attorney's "simple oversight," the Court does not agree that there is a material difference between an attorney misunderstanding the law, as happened in *Josselyn*, and an attorney failing to consider the applicable law as happened here.

Ortiz also notes that a demonstration of constitutionally ineffective assistance of counsel can establish cause in the "cause and prejudice" analysis used to determine

whether a habeas petitioner may bring a claim that has been procedurally defaulted in state court. *See Lynch v. Ficco,* 438 F.3d 35, 45–46 (1st Cir.2006). He argues that a demonstration of ineffective assistance of counsel should, therefore, be adequate to show good cause for failure to exhaust state remedies. That argument is persuasive but leaves Ortiz with the task of demonstrating that his failure to exhaust resulted from ineffective assistance under the *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), standard. *See id.*

In order to demonstrate ineffective assistance of counsel under *Strickland,* Ortiz must have had a constitutional right to an attorney. See *Coleman v. Thompson,* 501 U.S. 722, 752, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). Because the SJC's review of decisions by the Appeals Court is discretionary, Ortiz does not have a constitutional right to counsel in his appeal to the SJC. *See Ross v. Moffitt,* 417 U.S. 600, 610–12, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974). He therefore cannot claim constitutionally ineffective assistance of counsel to excuse his failure to exhaust in his ALOFAR. *Cf. Coleman,* 501 U.S. at 752, 111 S.Ct. 2546 (holding that because defendant did not have constitutional right to counsel in post-conviction proceeding, cause for procedural default could not be demonstrated by showing ineffective assistance of counsel). Ortiz may argue, however, that his attorney was ineffective in the Appeals Court where he has a right to review. In order to demonstrate ineffective assistance of counsel at the Appeals Court level, Ortiz must first meet the two prong test of *Strickland.*

*Strickland* requires that a petitioner asserting an ineffective assistance of counsel claim demonstrate that the "counsel's representation fell below an objective standard of reasonableness" and that "any

deficiencies in counsel's performance [were] prejudicial to the defense". 466 U.S. at 688, 692, 104 S.Ct. 2052. As to the first prong, Ortiz must show that no competent lawyer would have reasonably failed to include federal law in asserting his prosecutor misconduct claim in the state courts. *See Lynch,* 438 F.3d at 49. Appellate counsel is not required, however, to raise every non-frivolous claim. *Lattimore v. Dubois,* 311 F.3d 46, 57 (1st Cir.2002) citing *Smith v. Robbins,* 528 U.S. 259, 288, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000). "Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome." *Gray v. Greer,* 800 F.2d 644, 646 (7th Cir.1986).

Ortiz's counsel discussed the alleged prosecutor misconduct in his argument that the trial court erred by failing to give a missing witness instruction. Counsel did not, however, explicitly raise prosecutor misconduct as an independent federal claim. At the Appeals Court level, adding a due process claim based on prosecutor misconduct would have been duplicative. Ortiz's counsel argued that the prosecutor misconduct resulted in a violation of Massachusetts law, i.e., failure to give the missing witness instruction. A due process claim based on the same facts and resulting in the same alleged legal error would not have added to the argument counsel made with respect to Massachusetts law. If the Appeals Court found no merit in one, it would have found no merit in the other. Counsel did not ignore any issues that were clearly stronger than those presented and thus counsel's representation did not fall below an objective standard of reasonableness.

Ortiz cannot satisfy the second prong of the *Strickland* standard either. Under that prong, Ortiz must show that there is a reasonable probability that the result of the appeal would have been dif-

ferent had Ortiz's counsel included federal law to support his prosecutor misconduct claim. *See Lattimore v. Dubois,* 311 F.3d 46, 56 n. 7 (1st Cir.2002). Ortiz has not met this burden. The Appeals Court considered whether prosecutor misconduct led the trial court to err by not giving the missing witness instruction. It did not find merit in this claim. Specifically, the Appeals Court found that the prosecutor did not have "superior knowledge" regarding the whereabouts of the witness for whom Ortiz contends a missing witness instruction should have been allowed and it concluded that Ortiz was not entitled to a missing witness instruction. *Commonwealth v. Ortiz,* 67 Mass.App.Ct. 349, 359–60, 853 N.E.2d 1079 (2006). After coming to this conclusion, it would have been illogical for the Appeals Court to then determine that depriving Ortiz of the instruction violated his due process rights.

■ Because Ortiz has not met his burden under either prong of *Strickland,* he cannot demonstrate ineffective assistance of counsel. Consequently, he has not shown good cause for failure to exhaust and Ortiz is not, therefore, entitled to a stay and abeyance.

### ORDER

In accordance with the foregoing, Petitioner's Motion to Stay Proceedings (Docket No. 9) is **DENIED.** Petitioner shall, on or before, March 17, 2008, either

1) notify the Court that he wishes to delete the unexhausted claims from his petition or
2) file an opposition to the Respondent's Motion to Dismiss,

in default of which the petition will be dismissed.

**So ordered.**