TYMKOVICH, Circuit Judge,
dissenting in part and concurring in the judgment.
I concur with the ultimate disposition but write separately for three reasons. First, I would decline to extend Rhines v. Weber to petitions that make only unex-hausted claims, which is the case here. Second, I read the first factor of the Rhines test to require a showing of good cause for failure to exhaust one’s claims in state court rather than a showing of good cause for a stay. Third, even if Rhines does apply to entirely unexhausted petitions, Doe is not entitled to a stay because we do not recognize actual innocence as an independent ground for habeas review.
A. Rhines’ Applicability
The Supreme Court in Rhines v. Weber, 544 U.S. 269, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005), held that, in limited circumstances, a federal court may stay and hold in abeyance a habeas petition when the petitioner has exhausted some but not all of his potential claims (i.e. has filed a “mixed petition”). Rhines thus abrogated the “total exhaustion” rule the Court had adopted in Rose v. Lundy, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), a case predating the habeas reform Congress effected in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). In Rhines, the Supreme Court expressed concern that, because of the interplay between AEDPA’s one-year statute of limitations and the potential delays in both state and federal courts’ evaluations of pending petitions, a petitioner through no fault of his own could find potentially meritorious claims time-barred. The Supreme Court solved this problem by allowing district courts to accept the habeas petition and stay federal court proceedings until after the petitioner has exhausted state court remedies.
The majority extends Rhines to apply also to petitions that make only unexhaust-ed claims. I disagree with that conclusion because (1) I read Rhines to restrict itself to mixed petitions, and (2) applying Rhines to entirely unexhausted petitions is contrary to principles of comity, federalism, and finality.
These conclusions flow from Rhines. There, the Supreme Court limited its decision to the mixed nature of the petition at issue in that case. The Court did not suggest in any way it was discarding its adherence to Rose v. Lundy for entirely unexhausted petitions. In Lundy, the Court persuasively articulated its rationale for enforcing a total exhaustion rule: to vindicate the state court’s concurrent role in initially enforcing not only state but federal law as it applies to prisoner petitions. Lundy, 455 U.S. at 518, 102 S.Ct. 1198.
Congress, through AEDPA, further protected those interests by codifying Lun- *1185 dy’s total exhaustion rule. 28 U.S.C. § 2254(b)(1)(a) (“An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that ... the applicant has exhausted the remedies available in the courts of the state.”).[1] As the Rhines Court explained,
Congress enacted AEDPA against the backdrop of Lundy’s total exhaustion requirement. The tolling provision in § 2244(d)(2) balances the interests served by the exhaustion requirement and the limitation period by protecting a state prisoner’s ability later to apply for federal habeas relief while state remedies are being pursued. AEDPA thus encourages petitioners to seek relief from state courts in the first instance by tolling the 1-year limitations period while a properly filed application for State post-conviction or other collateral review is pending. This scheme reinforces the importance of Lundy’s simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court.
544 U.S. at 276-77, 125 S.Ct. 1528 (citations and internal quotation marks omitted).
The Court also cautioned that federal court interference, even if the federal court is merely staying the federal claim, can frustrate Congress’s attempt to promote both comity and finality.
Stay and abeyance, if employed too frequently, has the potential to undermine these twin purposes. Staying a federal habeas petition frustrates AEDPA’s objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA’s goal of streamlining federal habeas proceedings by decreasing a petitioner’s incentive to exhaust all his claims in state court prior to filing his federal petition.
Id. at 277, 125 S.Ct. 1528.
These principles are still persuasive. Lundy encourages filing in state court, and Rhines reaffirms that position, making clear that mixed petitions were eligible for stays, but “only in limited circumstances.” Id. at 277, 125 S.Ct. 1528. Extending Rhines to unexhausted petitions undermines AEDPA’s goal of incentivizing petitioners to press for relief in state court.
Thus, where a petitioner presents an unexhausted petition in federal court, I would hold that federal courts should abide by the direction given to us in Lundy: we should “defer action” until the state court has had the opportunity to perform its review function. Lundy, 455 U.S. at 518, 102 S.Ct. 1198.
The power of precedent is not the only reason for which we should decline to extend Rhines. The Rhines Court articulated a clear policy rationale based on the nature of mixed petitions — a petitioner was trapped between the “rock” of choosing to present only exhausted claims in federal court and the “hard place” of surrendering all exhausted and unexhausted claims to the risk that they would not be adjudicated in federal court before the AEDPA statute of limitations ran.[2]
*1186 A petitioner with only unexhausted claims does not have to make that choice. In fact, only one option has been available: petitioners must proceed to state court to exhaust their claims, and AEDPA does not authorize the federal courts to take any action until then.
The majority bases its conclusions on Pace v. DiGuglielmo, 544 U.S. 408, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005). But that case does not state or imply that the Lundy rule should be discarded. In fact, the logic of Lundy and Rhines teaches that the better analysis is to dismiss unex-hausted petitions without prejudice and wait for the state courts to finish their work.
The majority worries that, if a petitioner goes directly to state court and the state court determines the state action is improperly filed for some reason, the petitioner will forever lose an opportunity for federal review. I think that an illusory risk. In the rare circumstances such a scenario might occur, a petitioner can, for example, still rely on equitable tolling or the miscarriage of justice exception. Pace, 544 U.S. at 418, 125 S.Ct. 1807; see also McQuiggin v. Perkins, — U.S. -, 133 S.Ct. 1924, 1931, 185 L.Ed.2d 1019 (2013) (distinguishing the miscarriage of justice exception and equitable tolling). At least in Doe’s case, the .majority agrees, finding that Doe does not need a stay because, if his claims are meritorious, McQuiggin’s miscarriage of justice exception will open the door to federal court.
Alternatively, petitioners can challenge a procedural bar. The Supreme Court has held that, if “the State’s procedural requirements for presenting [a petitioner’s] federal claims [have] deprived the state courts of an opportunity to address those claims in the first instance,” the federal courts should not allow that state law procedural bar to prohibit federal review when the petitioner can show both cause for the default as well as prejudice attributable to the alleged violation of federal law. Coleman v. Thompson, 501 U.S. 722, 732, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); see also Trevino v. Thaler, — U.S. -, 133 S.Ct. 1911, 1917, 185 L.Ed.2d 1044 (2013) (applying the same cause and prejudice exception after the enactment of AEDPA). Given that the law provides a petitioner in these circumstances an opportunity for federal review, no reason exists to believe that the Court has abrogated the Lundy rule for entirely unexhausted petitions.
While the circuits are split, I believe Lundy is good law and applies here. Compare Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir.2006) (“Once a district court determines that a habeas petition contains only unexhausted claims, it need not inquire further as to the petitioner’s intentions. Instead, it may simply dismiss the habeas petition for failure to exhaust.”), with Heleva v. Brooks, 581 F.3d 187, 191 (3d Cir.2009) (“[T]he Supreme Court has indicated that a petitioner may file a ‘protective’ petition meriting a stay under Pace even where only unexhausted claims are at issue.”).
In sum, I would affirm dismissal of Doe’s petition because I would decline to extend Rhines to petitions making only unexhausted claims.
B. Rhines Analysis
Even if Rhines applied to unmixed petitions, I would decline to issue a stay here, *1187 but I would do so for different reasons than the majority.
I read the first factor of the Rhines test to require a different inquiry than the majority conducts here. The majority has determined that Doe cannot show good cause for a stay because a stay is not necessary to preserve Doe’s opportunity to be heard in federal court. But I read Rhines to inquire whether Doe has shown good cause for failure to exhaust his state court remedies, not good cause for a stay.
In Rhines, the Supreme Court expressly defined the first factor of its test as “good cause for his failure to exhaust.” 544 U.S. at 277, 125 S.Ct. 1528 (emphasis added); see also id. (“Because granting a stay effectively excuses a petitioner’s failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner’s failure to exhaust his claims first in state court.”). The Court indicated that it so limited the circumstances in which we should grant a stay to avoid frustrating AEDPA’s purposes of promoting finality and encouraging petitioners to seek relief from state courts. Id. at 276-77, 125 S.Ct. 1528.
In Pace, the Court used slightly different language, writing, “[a] petitioner’s reasonable confusion about whether a state filing would be timely will ordinarily constitute ‘good cause’ for him to file in federal court. Rhines, 544 U.S. at 278, 125 S.Ct. 1528 (‘[I]f the petitioner had good cause for his failure to exhaust ... ’).” Pace, 544 U.S. at 416, 125 S.Ct. 1807.
But I do not read Pace to abrogate the Rhines test. Although Pace discussed good cause for filing in federal court, the Pace Court’s inclusion of the relevant quotation from Rhines clarifies any ambiguity. Further, because Pace was published less than a month after Rhines, I see no reason to believe that, in that short time, the Court changed its mind about the nature of this test. Determining whether the petitioner has shown good cause for failing to exhaust state court remedies before filing a habeas petition in federal court is still the first step of a Rhines analysis. See Fairchild v. Workman, 579 F.8d 1134, 1153 (10th Cir.2009) (citing Rhines and Pace for the proposition that a petitioner “should be permitted to demonstrate that he had good cause for failing to exhaust the claim.”).[3]
I therefore disagree with the majority’s assertion that, because Doe may use McQuiggin’s actual innocence exception to return to federal court, he cannot show good cause; the necessity of a stay has no bearing on whether Doe had good cause for his failure to exhaust. Instead, I conclude that we cannot assess whether Doe can satisfy Rhines’s good cause requirement without a remand.
*1188 Such a remand is unnecessary here, however. Even if Rhines applies, I find determinative the question that the majority has reserved: whether an actual innocence claim is a freestanding basis for habeas relief.
Doe has brought before us a total of five habeas claims. He all but concedes that four of his five claims should have been filed within one year of the discovery of their factual predicates in 2008 — considerably more than a year before he filed this action. See 28 U.S.C. § 2254(e)(2). Thus, he has requested a stay to stop the clock on his one arguably timely claim: his actual innocence claim, which was ostensibly filed within one year of the discovery of new evidence in 2011. An actual innocence claim, however, is not a freestanding basis for habeas relief.
Although the Supreme Court has “not resolved whether a prisoner may be entitled to habeas relief based on a freestanding claim of actual innocence,” McQuiggin, 133 S.Ct. at 1931, we have. Our cases definitively foreclose independent actual innocence claims in this circuit. For example, in Stafford v. Saffle, we identified that the Supreme Court has “strongly suggest[ed]” that an actual innocence claim is not “by itself, an adequate basis for habeas relief.” 34 F.3d 1557, 1561 (10th Cir.1994) (citing Herrera v. Collins, 506 U.S. 390, 400, 113 S.Ct. 853, 122 L.Ed.2d 203 (1993)). Then, to remove any doubt, we held in LaFevers v. Gibson that “an assertion of actual innocence, although operating as a potential pathway for reaching otherwise defaulted constitutional claims, does not, standing alone, support the granting of the writ of habeas corpus.” 238 F.3d 1263, 1265 n. 4 (10th Cir.2001); see also Sellers v. Ward, 135 F.3d 1333, 1339 (10th Cir.1998) (“[T]he claim of innocence is merely the means by which an otherwise barred constitutional error affecting the fairness of the petitioner’s trial can be heard.”); Clayton v. Gibson, 199 F.3d 1162, 1180 (10th Cir.1999); Castro v. Oklahoma, 71 F.3d 1502, 1511 (10th Cir.1995); Brecheen v. Reynolds, 41 F.3d 1343, 1357 (10th Cir.1994).
In addition to fidelity to our precedent, I would reaffirm the rule set forth in LaFevers because, as the Supreme Court and this court have repeatedly articulated, acknowledging a freestanding actual innocence claim clashes with the purpose of the habeas doctrine. See Herrera, 506 U.S. at 400, 113 S.Ct. 853 (“[F]ederal habeas courts sit to ensure that individuals are not imprisoned in violation of the Constitution — not to correct errors of fact.”).
For these reasons, rather than the reasons the majority has articulated, I would affirm the district court’s decision to dismiss Doe’s petition without prejudice.

. The statute does provide two exceptions to this rule: 1) if "there is an absence of available State corrective process” or 2) if "circumstances exist that render such process ineffective to protect the rights of the applicant.” 28 U.S.C. § 2254(b)(1)(b). Neither of those exceptions applies here.

. In Rhines, the Court also expressed concern for the petitioner who relied on the federal district court to determine if his claims had *1186 indeed been exhausted. 544 U.S. at 275, 125 S.Ct. 1528. If the district court's review took longer than a year, it would have run out the clock, and the petitioner would not have the opportunity to return to federal court after exhausting in state court. Id. That is not the case here. Doe recognizes that all of his claims are unexhausted.

. Although the majority is not alone in having interpreted the first factor of the Rhines test to require good cause for a stay, the majority of circuits that have taken up this issue, even post-Pace, have limited their inquiry to whether there was good cause for failure to exhaust. Compare Heleva, 581 F.3d at 192 (reading Pace to consider " 'good cause' for a stay”) with Blake v. Baker, 745 F.3d 977, 981 (9th Cir.2014) (interpreting both Rhines and Pace to require showings of good cause for failure to exhaust); Elmore v. Ozmint, 661 F.3d 783, 847 (4th Cir.2011) (applying "Rhines s requirement of good cause for the failure to exhaust”); Jalowiec v. Bradshaw, 657 F.3d 293, 305 (6th Cir.2011) (holding that belatedly disclosed Brady materials may constitute good cause for failure to exhaust); Josselyn v. Dennehy, 475 F.3d 1, 5 (1st Cir.2007) (holding that petitioner failed to show good cause for failure to exhaust); Neville v. Dretke, 423 F.3d 474, 480 (5th Cir.2005) (holding that the petitioner points to no good cause for failure to exhaust); Rhines v. Weber, 409 F.3d 982, 983 (8th Cir.2005) (remanding for findings as to whether the petitioner "had good cause for failing to exhaust the claim”).