**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

Jeffrey M. Gray

    v.                                                    Civil No. 15-cv-508-LM
                                                                        Opinion No. 2017 DNH 194
Michael A. Zenk, Warden,
New Hampshire State Prison


**O R D E R**


In this action, petitioner Jeffrey Gray has filed a habeas petition (doc. no. 1), an amended habeas petition (doc. no. 7), and an addendum (doc. no. 28) to the amended petition, challenging as unconstitutional the state conviction and sentence underlying his present incarceration.  For reasons set forth below, Gray is directed to show cause, within fourteen days of the date of this Order, why this habeas action should not be dismissed, on the grounds set forth herein, without prejudice to refiling after the New Hampshire Supreme Court ("NHSC") issues a final decision on Gray's pending direct appeal, State v. Gray, No. 2012-663 (N.H.).  Because Gray's direct appeal is still pending before the NHSC, the claims asserted in that appeal appear to be neither ripe nor exhausted.

**Discussion**

I.    Ripeness

"Ordinarily, a state criminal case is ripe for the ministrations of a federal habeas court only after completion of the state proceedings (that is, after the defendant has been tried, convicted, sentenced, and has pursued available direct appeals)."  Allen v. Attorney Gen. of Me., 80 F.3d 569, 572 (1st Cir. 1996).  "The two recognized exceptions to that general rule are certain cases involving either a colorable double jeopardy claim challenging the government's right to try the petitioner, or a speedy trial claim where the relief sought is an immediate trial rather than a release from custody."  Rojas v. Hillsborough Cty. Super. Ct., N. Dist., No. 13-CV-495-JL, 2013 U.S. Dist. LEXIS 178193, at *2-*3, 2013 WL 6731933, at *1 (D.N.H. Nov. 22, 2013), R&R approved, 2013 U.S. Dist. LEXIS 179336, at *1, 2013 WL 6731933, at *1 (D.N.H. Dec. 17, 2013). Abstention principles provide a basis for dismissing premature habeas petitions.  See generally In re Justices of Super. Ct. Dep't of Mass. Tr. Ct., 218 F.3d 11, 18 (1st Cir. 2000).  Gray's petition appears to be unripe and subject to dismissal, because the direct appeal of his criminal conviction remains pending.

II.  Exhaustion

To be eligible for federal habeas relief, a petitioner must show that he has exhausted the remedies available to him in the state courts for each of his claims, or that state corrective processes are unavailable or ineffective to protect his rights. See 28 U.S.C. § 2254(b)(1).  "[A] petitioner must pursue and await the results of all available appeals in state court before [he] can file a petition for habeas corpus in federal court." Batavitchene v. Clarke, No. 10-11854-DJC, 2011 U.S. Dist. LEXIS 36682 at *4, 2011 WL 1297935 at *1 (D. Mass. Apr. 5, 2011); see also Josselyn v. Dennehy, 475 F.3d 1, 3 (1st Cir. 2007).  Direct review in New Hampshire includes appellate review in the NHSC.

Some, but not all, of Gray's claims have been exhausted in state court collateral challenges to his conviction. Accordingly, his petition is "mixed," in that it contains both exhausted and unexhausted claims.  The court may either dismiss a mixed petition, without prejudice, for failure to exhaust all of the claims in the petition, or enter a stay while the petitioner exhausts the unexhausted claims.  See Rhines v. Weber, 544 U.S. 269, 275-76 (2005).  District courts have discretion to stay a mixed federal habeas petition "only in limited circumstance."  Id. at 277.  Such circumstances generally arise when a diligent petitioner's ability to bring

timely meritorious claims would be jeopardized if no stay were entered.  See id. at 277-78.

Because Gray's direct appeal has not concluded, the statute of limitations for filing a federal habeas action under § 2254 has not begun to run.  See 28 U.S.C. § 2244(d)(1)(A) (one-year limitations period runs "from the latest of . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" (emphasis added)); see also McQuiggin v. Perkins, 133 S. Ct. 1924, 1929 (2013); Holland v. Florida, 560 U.S. 631, 641 (2010) ("[Petitioner]'s 1-year limitations period did not begin to run until [the United States Supreme] Court denied [Petitioner]'s petition for certiorari from the state court's denial of relief on direct review." (emphasis added)).  Therefore, dismissal of this habeas action would not jeopardize Gray's ability to file a timely habeas action, containing all of his exhausted claims, once the direct appeal is concluded.

For that reason, a stay would serve no useful purpose in this matter.  Accordingly, this habeas action is properly dismissed, without prejudice to Gray's ability to refile a habeas action, including all of his exhausted claims, once the NHSC has decided his direct appeal, unless Gray can demonstrate cause for the court to find otherwise.  Cf. Wood v. Milyard, 132

4

S. Ct. 1826, 1833 (2012) (district court may sua sponte dismiss a habeas petition on timeliness grounds where the untimeliness of the petition is apparent on the face of the petition, the respondent has not deliberately waived the defense, and the petitioner has "a fair opportunity to present his position").

## Conclusion

For the foregoing reasons, this action will be dismissed without prejudice in its entirety in fourteen days, unless, prior to that date, Gray can show cause why the petition should not be dismissed as unripe, and for lack of complete exhaustion.

SO ORDERED.

_____
Landya B. McCafferty
United States District Judge

September 15, 2017

cc:  Jeffrey M. Gray, pro se
     Elizabeth C. Woodcock, Esq.

5