Anthony J. CASELLA, Plaintiff, Appellant,

v.

James CLEMONS, Maine Correctional Center Superintendent, Defendant, Appellee.

No. 99–1835.

United States Court of Appeals, First Circuit.

Heard March 8, 2000.
Decided March 22, 2000.

Before STAHL, Circuit Judge, BOWNES, Senior Circuit Judge, and LYNCH, Circuit Judge.

BOWNES, Senior Circuit Judge.

This is an appeal from the denial of a writ of habeas corpus. The sole issue is whether the petitioner fairly presented his federal claims in the state court proceedings. Finding that he did not, we affirm.

Petitioner Anthony Casella was convicted by a jury of twelve in the Superior Court of Maine of two counts of theft by unauthorized taking, in violation of 17–A M.R.S.A. § 353 (1983). Under Maine law, theft offenses are classified by the value of the property taken. *See* 17–A M.R.S.A. § 362 (1983). In order to classify the offense, Maine law allows for aggregation of the amounts of several thefts committed in the same scheme or course of conduct. *See* 17–A M.R.S.A. § 352(5)(E) (1983). It is this provision of Maine law, (the "aggregation statute") that gives rise to the current petition.

Count I of the indictment aggregated two transactions with one victim. Count II aggregated twelve victims who were all defrauded by the same scheme or course of conduct. The trial judge instructed the jury that "any verdict that you reach in this case ... on each of the counts must be unanimous." Defense counsel objected, stating:

> I would ask that [the jury] be reminded that on Count II if—if they are of the mind that Mr. Casella's guilty on Count II, they have to agree unanimously as to which victims were the subject of the theft. I mean, six can't think it was Vince May, and six think it was Bob Kirk. All 12 have to agree on the particular victim....

The trial judge overruled the objection, and the jury returned a unanimous verdict of guilty on both counts. Casella then launched a two-fold attack on his conviction. First, he petitioned for state post-conviction review claiming ineffective as-

Stuart W. Tisdale, with whom Mary A. Davis was on brief for appellant.

Leanne Robbin, Assistant Attorney General, with whom Andrew Ketterer, Attorney General, was on brief for appellee.

sistance of counsel. Second, he moved for a new trial based on his objection to the jury instructions. The trial court denied both the petition for post-conviction review and the motion for new trial. Casella appealed his conviction (but not, apparently, the denial of his petition for post-conviction review) to the Maine Supreme Judicial Court ("SJC").

For our purposes, the relevant argument before the SJC was that

> [t]he trial court erred by refusing the defense request for a specific unanimity instruction that the jurors had to be unanimous as to which, if any, transactions under Count II ... were to be aggregated.

Casella grounded this argument in Article 1, Section 7 of the Maine Constitution, which grants a criminal defendant the right to a unanimous jury verdict. The SJC rejected this argument. *See State v. Casella*, Decision No. Mem. 98–39 (Maine, Feb. 24, 1998).

Having failed in his direct appeal, Casella filed a petition for a writ of habeas corpus in the federal district court under 28 U.S.C. § 2254 (1994 & Supp. II 1996). In this petition, Casella claimed that the Fourteenth Amendment's guarantee of due process granted him "the right not to be convicted except upon the substantial agreement of the jurors that the prosecution proved the elements of the offense beyond a reasonable doubt." The district court rejected the petition for failure to exhaust state remedies, *see* 28 U.S.C. § 2254(b), on the basis that Casella had not presented this argument to the state court. This appeal followed.

■ It is important to note at the outset that in the current posture of the case, we do not consider the merits of Casella's constitutional claim. At this point, the sole question is whether Casella presented his federal claim to the Maine SJC. Our review of this question is de novo. *See Adelson v. DiPaola*, 131 F.3d 259, 262 (1st Cir.1997).

■ To satisfy the exhaustion requirement, a petitioner must present the federal claim fairly and recognizably. *See Picard v. Connor*, 404 U.S. 270, 276–77, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971). In order to carry this burden, the petitioner must show that he tendered his federal claim "in such a way as to make it probable that a reasonable jurist would have been alerted to the existence of the federal question." *See Adelson*, 131 F.3d at 262 (quoting *Scarpa v. DuBois*, 38 F.3d 1, 6 (1st Cir. 1994)) (internal quotation marks omitted).

■ The gravamen of Casella's argument is that by claiming a violation of the unanimity requirement guaranteed by the Maine Constitution, he impliedly asserted a claim of the "lesser included" federal right to substantial agreement of jurors in a state case. Under *Johnson v. Louisiana*, 406 U.S. 356, 92 S.Ct. 1620, 32 L.Ed.2d 152 (1972), and *Apodaca v. Oregon*, 406 U.S. 404, 92 S.Ct. 1628, 32 L.Ed.2d 184 (1972), the federal constitution does not mandate unanimity in state criminal proceedings. This is not to say that the federal constitution provides no safeguards in the area of jury agreement in state criminal cases. *See, e.g., Burch v. Louisiana*, 441 U.S. 130, 99 S.Ct. 1623, 60 L.Ed.2d 96 (1979) (requiring unanimity in a jury of six). Casella argues that he presented his federal claim because he squarely argued that the jury as instructed could have found him guilty with essentially *no* agreement on an element of the offense: specifically which victims were defrauded. Casella claims that whatever the admittedly unclear contours of the constitutional command as to jury agreement,[1]

---

**1.** The Supreme Court has not set clear standards for state jury trials in non-capital cases. *Apodaca* approved of convictions by 11–1 and 10–2 votes; *Johnson* affirmed a conviction by a 9–3 jury vote. *Ballew v. Georgia*, 435 U.S. 223, 98 S.Ct. 1029, 55 L.Ed.2d 234 (1978), barred state prosecutions with only five jurors; *Burch* approved unanimous juries of six. In *Johnson*, Justice Blackmun suggested in a concurrence that while 9–3 was permissi-

a situation in which there could possibly be no agreement offends that command. His position on appeal is that assertion of the Maine claim on his contention that it is possible that no jurors agreed as to the victim amounts to a claim based on the less stringent federal standard.

Admittedly, Casella cited federal authorities to the state court. On appeal, he makes much of these citations, claiming that they presented his federal claim. As part of his argument that Maine's unanimity requirement was not satisfied, he cited *Burch* and *Andres v. United States*, 333 U.S. 740, 748, 68 S.Ct. 880, 92 L.Ed. 1055 (1948) (requiring unanimity in federal criminal cases). He explained his citation of those cases, stating:

> [F]ederal decisional law construing the application of the federal unanimous jury requirement could be consulted for its *persuasiveness on the analogous issue of the application of the Maine unanimous jury requirement* to state prosecutions.

(Emphasis added). Casella's use of these federal authorities, however, only underscored that he was pressing a purely state law claim; he admits that he offered them by analogy to bolster the state law claim. Casella's other passing references to federal law are equally unavailing.

We considered the myriad ways in which one might satisfy the fair presentment aspect of the exhaustion requirement in great detail in *Nadworny v. Fair*, 872 F.2d 1093 (1st Cir.1989). We concluded that the proper focus of the inquiry on appeal is one of probability; the trappings of a federal claim must be likely to put a reasonable jurist on notice of the claim. *See id.* at 1101. While we see no reason to recapitulate that discussion here, part of our analysis is worth repeating. We stated:

We do not mean to suggest that an isolated federal-law bloom in a garden thick with state-law references will serve. There is more to a petitioner's burden than simply citing a federal case or two. No matter what precedent supports an initiative, the proponent must have presented the federal claim to the state courts unveiled. It is crucial that the state tribunal not be misled concerning the claim's federal character. Above all else, the exhaustion requirement is to be applied with a view to substance rather than form: the claim need not be argued in detail nor separately presented, but its federal quality ... must be readily apparent.

*Id.* We have examined the pleadings submitted to the Maine SJC, and can discern no articulation of the federal claim sufficiently apparent to place a reasonable jurist on notice of its presentment.

Accordingly, we *affirm.*

---

ble, 7–5 would likely not be. *See Johnson,* 406 U.S. at 366, 92 S.Ct. 1620 (Blackmun, J., concurring). Justices Stewart, Brennan and Marshall, however, stated: "[N]otwithstanding Mr. Justice Blackmun's disclaimer, there

is nothing in the reasoning of the Court's opinion that would stop it from approving verdicts by 8–4 or even 7–5." *Johnson,* 406 U.S. at 397 n. *, 92 S.Ct. 1650 (Stewart, J., dissenting).