**William POWERS, Petitioner,**

. v.

**Steven O'BRIEN, Superintendent of Old Colony Correctional Center, Respondent.**

**Civil Action No. 07–11591–JLT.**

United States District Court, D. Massachusetts.

July 15, 2008.

Susanne G. Reardon, Office of the Attorney General, Boston, MA, for Steven O'Brien.

William Powers, Bridgewater, MA, pro se.

### ORDER

JOSEPH L. TAURO, District Judge.

This court ACCEPTS and ADOPTS the June 16, 2008 Report and Recommendation ("Report and Recommendation") of Magistrate Judge Dein. For the reasons set forth in the Report and Recommendation, this court orders that: (1) Respondent's *Motion to Dismiss* is DENIED. (2) Petitioner's *Motion to Stay* is DENIED. (3) Petitioner has thirty days (August 14, 2008) from the date of this Order to drop his unexhausted claims from his Petition for Writ of Habeas Corpus. If Petitioner fails to do so, Respondent may file a renewed *Motion to Dismiss*.

IT IS SO ORDERED.

### REPORT AND RECOMMENDATION ON RESPONDENT'S MOTION TO DISMISS AND PETITIONER'S REQUEST FOR STAY

DEIN, United States Magistrate Judge.

### I. INTRODUCTION

Following his conviction by a Suffolk County jury, the petitioner William Powers ("Powers" or the "defendant"), was sentenced on March 25, 2003 to seventeen to twenty years in prison for manslaughter (Mass.Gen.Laws. ch. 265, § 13), a consecutive term of five to eight years in prison on one count of operating a motor vehicle under the influence of alcohol and causing bodily injury (Mass. Gen. Laws ch. 90, § 24L) and a consecutive term of four to five years in prison on another count of OUI causing injury.[1] His motion for a new trial was denied on September 8, 2005 and his direct appeal was consolidated with the appeal from the denial of his motion for a new trial. The denial of his motion for a new trial and his convictions were affirmed by the Massachusetts Appeals Court in an unpublished opinion. *Com-*

---

1. A charge of operating a motor vehicle negligently (Mass. Gen. Laws ch. 90, § 24) was dismissed before trial, and a conviction for vehicular homicide (Mass. Gen. laws ch. 90, § 24G) was vacated and the indictment dismissed as duplicative of the manslaughter indictment.

*monwealth v. Powers,* 67 Mass.App.Ct. 1105, 853 N.E.2d 220, 2006 WL 2472911 (Mass.App.Ct. Aug. 28, 2006).[2] Powers then filed an application for leave to obtain further appellate review ("ALOFAR") with the Massachusetts Supreme Judicial Court ("SJC"). (SA Ex. 6). The application was denied without opinion on November 2, 2006. *Commonwealth v. Powers,* 447 Mass. 1112, 856 N.E.2d 182 (2006) (table) (SA Ex. 7).

Powers filed a timely *pro se*[3] petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 alleging (1) that his due process rights were violated by the introduction of eleven autopsy photographs which were "unduly prejudicial and inflammatory to the jury," and (2) that trial counsel undertook seven actions which allegedly constituted ineffective assistance of counsel throughout the investigation, trial and sentencing phases of this case. (*See* Petition (Docket No. 1) at ¶¶ 12(A) and (B)(a-g)). This matter is presently before the Court on Respondent's "Motion to Dismiss for Failure to Exhaust State Court Remedies." (Docket No. 8). Therein, the Respondent contends that Powers has presented the court with a "mixed petition" by his failure to exhaust several claims contained therein, and requests that the entire habeas petition be dismissed. In response, Powers challenges the characterization of three of his claims as unexhausted, but admits that he has presented a mixed petition. Powers opposes the motion to dismiss, and has moved to stay the

2. The Commonwealth has filed a Supplemental Answer ("SA") containing the record below as Docket No. 11. The Appeals Court decision can be found at SA Ex. 5.

3. By order dated November 15, 2007, this court denied Powers' motion for appointment of counsel, ruling that the motion may be renewed if the action is not dismissed or stayed upon adjudication of the pending motions.

proceedings pending the exhaustion of the unexhausted claims. (Powers' Opposition to Motion to Dismiss and Request to Stay Pending Exhaustion of Certain Claims ("Powers Opp.") (Docket No. 14)).

For the reasons detailed herein, this court finds that the three claims in dispute were not exhausted. In addition, this court concludes that dismissal is not warranted in light of the existence of exhausted claims, and that a stay is not warranted because Powers has not shown "good cause" for failing to exhaust his claims. Therefore, this court recommends to the District Judge to whom this case is assigned that both motions be DENIED. In addition, this court recommends that Powers be given thirty (30) days from the District Judge's ruling to drop his unexhausted claims. If he fails to do so, the Respondent should be allowed to renew his motion to dismiss.

## II. *STATEMENT OF FACTS*

### *The Underlying Crime*

Powers' conviction arises out of a serious car accident which took place during the early morning hours of August 12, 2001 in South Boston. The Appeals Court summarized the relevant facts as follows[4]:

> This case arose as a result of a serious automobile accident in which the defendant, driving while intoxicated at a speed of approximately seventy miles per hour, collided with a vehicle driven

4. The state trial and appellate courts' findings of fact are entitled to a presumption of correctness under 28 U.S.C. § 2254(e)(1). *See Gunter v. Maloney,* 291 F.3d 74, 76 (1st Cir. 2002); *Rashad v. Walsh,* 300 F.3d 27, 35 (1st Cir.2002). Unless otherwise indicated, the facts are not in dispute.

by Lily Paquette, with passengers Gennes Seaton, Linda Stevens, Amber Seaton, and the decedent Sean Waters also in the vehicle. Numerous witnesses testified to hearing the vehicle the defendant was driving approach, to seeing it drive by at an extremely high rate of speed, and to hearing the collision.

The parties involved in the collision were taken to various hospitals; Waters did not survive. The defendant was interviewed twice by police, and the second interview was recorded on audio tape. The statements of the defendant, including his admission that he had been the driver of the car, were admitted at trial. *Powers*, 2006 WL 2472911, at *1. Additional facts will be provided below where appropriate.[5]

### *Procedural History*

Following his conviction, Powers filed a timely motion for a new trial pursuant to Mass. R.Crim. P. 30, which was denied on September 1, 2005, 2005 WL 6066638. Powers' appeal from the denial of this motion was consolidated with his direct appeal to the Massachusetts Appeals Court. (*See* SA Ex. 2—Defendant's Brief to Appeals Court). On appeal, Powers alleged that (1) the denial of his motion to suppress statements he had made violated his constitutional rights; (2) he had been denied his federal and state constitutional rights to effective assistance of counsel; and (3) "the trial judge abused his discretion in allowing into evidence eleven autopsy photographs" over objection. (SA Ex. 2 at 1). Specifically, with respect to his claim of ineffective assistance of counsel Powers challenged (a) counsel's failure to test bleached hair collected from the interior of the driver's side door and to other-

wise challenge that Powers was the driver at the time of the accident; (b) counsel's failure to object to the playing of an audio tape of the defendant's statement, his failure to request a "humane practice" instruction, and his failure to object to the results of blood tests taken shortly after the accident when Powers was hospitalized; (c) counsel's failure to object to questions posed by the trial judge to a defense expert in front of the jury about the expert's educational background; (d) counsel's failure to object to the judge's instructions concerning the use of blood alcohol testing; and (e) counsel's failure to make a persuasive argument at sentencing, including failing to file a sentencing memorandum. (*See* SA Ex. 2 at 32–43). Powers' conviction was affirmed by the Appeals Court in an unpublished opinion on August 28, 2006, which addressed all of his claims. (SA Ex. 5).

Powers then filed a timely ALOFAR with the SJC. (SA Ex. 6). The issues raised were (1) "Did trial counsel's substandard performance infect his trial with prejudicial, constitutional error?" (2) "Was there error in the trial judge's denial of the defendant's Motion for New Trial?" and (3) "Did the trial judge abuse his discretion in allowing into evidence photographs of the autopsy over the defendant's objection?" (SA Ex. 6 at 4). In particular, with respect to his ineffective assistance of counsel claim, Powers challenged (a) his trial counsel's performance at sentencing, including his failure to file a sentencing memorandum with the court, and (b) his trial counsel's failure to object to the judge's questioning of a defense expert with respect to his credentials in front of the jury. (*Id.* at 4–5). The SJC denied Powers' petition without opinion. (SA Ex.

---

**5.** More details concerning the trial testimony can be found in the trial judge's Sentencing Memorandum included in SA Ex. 3.

7). Powers' timely habeas petition followed.

#### The Status of Petitioner's Claims

The Respondent has moved to dismiss Powers' habeas petition on the grounds that some of the claims raised therein are unexhausted. In particular, with respect to Ground One, the introduction of the autopsy photographs, Respondent contends that the constitutional nature of the claim was not presented to the state courts, and that, therefore, it is not exhausted. As detailed below, this court agrees that this claim is not exhausted.

With respect to Ground Two of the habeas petition, Powers' claim of ineffective assistance of counsel, the parties disagree as to whether points (a) (failure to test bleached hair) and (b) (conceding that Powers was the driver) were exhausted. Powers contends that they were exhausted because they were detailed in the Memorandum of Decision denying his motion for a new trial, which was attached to his ALOFAR, along with a copy of the Appeals Court decision. (SA Ex. 6 at 1). As detailed below, this court finds that these claims were not exhausted.

With respect to points (c) (failure to object to audio tape or to request "humane practice" instruction), (e) (failure to object to admission of blood evidence), and (f) (failure to object to blood alcohol test instruction), Powers admits that they were not presented in the ALOFAR but requests that the matter be stayed so that he can pursue these claims, since they had been raised in his direct appeal.

Finally, the parties agree that points (d) (trial judge's examination of defense witness without objection) and (g) (failure to submit sentencing memorandum or present substantial evidence in connection with the sentencing) were presented in the ALOFAR and are exhausted.

### III. DISCUSSION

#### A. Admission of Autopsy Photographs

■ The Respondent contends that Ground One of the habeas petition, that the trial judge improperly admitted autopsy photographs, is not exhausted because the federal nature of the claim was not properly presented to the state courts. Powers does not address this issue in his opposition, and only a minimal discussion is necessary. As detailed herein, this court agrees that this claim was not exhausted.

■ "Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thus giving the state the first 'opportunity to pass upon and correct alleged violations of its prisoners' federal rights.'" *Josselyn v. Dennehy*, 475 F.3d 1, 2 (1st Cir.2007) (quoting *Duncan v. Henry*, 513 U.S. 364, 365, 115 S.Ct. 887, 888, 130 L.Ed.2d 865 (1995) (per curium) (internal citations omitted)). In order to exhaust a claim, it must be "fairly presented" to the state's highest court which, in Massachusetts, means that the federal claims raised in the habeas petition must have been raised in the ALOFAR presented to the SJC. *See Josselyn*, 475 F.3d at 3, and cases cited; *Adelson v. DiPaola*, 131 F.3d 259, 263 (1st Cir.1997).

■ "In order to exhaust a claim, the petitioner must 'present the federal claim fairly and recognizably' to the state courts, meaning that he 'must show that he tendered his federal claim in such a way as to make it probable that a reasonable jurist would have been alerted to the existence of the federal question.'" *Clements v. Maloney*, 485 F.3d 158, 162 (1st Cir.2007) (quoting *Casella v. Clemons*, 207 F.3d 18, 20 (1st Cir.2000) (additional citations and in-

ternal quotations omitted)). This means that the legal theories presented as grounds for relief must be the same in both the state and federal courts. *Gagne v. Fair*, 835 F.2d 6, 7 (1st Cir.1987), and cases cited. "It is not enough that the same facts underly the claims." *Id.* See also *Baldwin v. Reese*, 541 U.S. 27, 31–32, 124 S.Ct. 1347, 1351, 158 L.Ed.2d 64 (2004). As the *Clements* court explained the standard for determining whether a federal claim had been fairly presented to the state court:

> We have previously held that a habeas petitioner may accomplish this by doing any of the following: (1) citing a provision of the federal constitution; (2) presenting a federal constitutional claim in a manner that fairly alerts the state court to the federal nature of the claim; (3) citing federal constitutional precedents; or (4) claiming violation of a right specifically protected in the federal constitution. *Gagne*, 835 F.2d at 7. We have also noted that, in some situations, citations to state court decisions which rely on federal law or articulation of a state claim that is, "as a practical matter, [ ]indistinguishable from one arising under federal law," may suffice to satisfy the exhaustion requirement. *Nadworny v. Fair*, 872 F.2d 1093, 1099–1100 (1st Cir.1989). It is, however, clearly inadequate to simply recite the facts underlying a state claim, where those facts might support either a federal or state claim. *Martens v. Shannon*, 836 F.2d 715, 717 (1st Cir.1988).

*Clements*, 485 F.3d at 162. Absent any ambiguity in the ALOFAR, the review to determine if a federal issue has been exhausted is limited to a review of the ALO-FAR. *Id.* at 163–64, 167.

**6.** Although not necessary for the court's analysis, this court notes that the Appeals Court also addressed the issue in terms of whether

In the instant case, the only reference to the wrongful admission of the autopsy photographs in the ALOFAR couches the argument in terms of an "abuse of discretion." (SA Ex. 6 at 4–6). There is no mention of any constitutional error, or any case citation which would let the state court know that Powers was intending to raise a constitutional claim.[6] Errors of state law, including evidentiary issues, do not in and of themselves provide a basis for habeas relief. *Duguay v. Spencer*, 462 F.Supp.2d 115, 119–120 (D.Mass.2006). The ALOFAR is not ambiguous, and this court concludes that the issue of the admissibility of the autopsy photographs was not exhausted.

**B. Ineffective Assistance of Counsel Points (a) and (b)**

Powers contends that points (a) and (b) of his claim of ineffective assistance of counsel, failure to test bleached hair and conceding that Powers was the driver, respectively, were exhausted because they were discussed in the Memorandum of Decision denying his motion for a new trial, which was attached to the ALOFAR. (*See* SA Ex. 6). This court disagrees and finds that these points have not been exhausted.

The ALOFAR attaches both the Appeals Court decision and the Memorandum of Decision on the motion for a new trial, without comment. In particular, the ALO-FAR provided:

> The decision of the Appeals Court No. 04–P–885 is attached hereto, together with the decision of the trial judge denying the defendant's Motion for New Trial, referred to in the Appeals Court decision.

the trial judge abused his discretion, and not in the context of a potential constitutional violation.

(SA Ex. 6 at 1). These were the decisions the defendant was asking the SJC to review, and they were required to be attached pursuant to the applicable court rules. *See* M.R.A.P. 27.1(b) (ALOFAR must attach copy of the Appeals Court rescript and opinion, as well as any other document, such as the trial judge's findings and rulings, referred to therein). Therefore, no significance can be derived from the mere attachment of the documents.

Moreover, there is nothing in the language of the ALOFAR which incorporates the issues of the bleached hair or the identity of the driver. The ALOFAR does list as a general issue whether the trial judge erred in denying Powers' motion for a new trial. However, nowhere does the ALOFAR address the two points now at issue. Rather, the ALOFAR details specific points warranting further appellate review—counsel's performance in connection with sentencing, the questioning of a defense expert by the trial judge, and the admission of the photographs. (*See* SA Ex. 6 at 4–6). These points were all addressed either in the attached Memorandum of Decision and/or the Appeals Court decision. In fact, the Memorandum of Decision dealt extensively with the trial judge's questioning of the defense witness. (*See* Mem. Dec. (included in SA Ex. 6) at 4–5). Thus, by attaching the Memorandum of Decision, Powers was more fully explaining the issue expressly referenced in the ALOFAR—the questioning of the defense witness. There is no indication in the ALOFAR that by attaching the Memorandum of Decision the defendant intended to broaden the issues for which he was seeking review beyond those he described in detail.

Finally, it is well established that issues raised before the trial judge or the Appeals Court are not automatically incorporated into an ALOFAR. To the contrary,

case law is clear that claims omitted from an ALOFAR are unexhausted, even though they are raised in the Appeals Court decision from which further review is being sought. *See Clements*, 485 F.3d at 168, and cases cited. "Unless the ALOFAR purports to question a ruling below, the SJC has little reason to suspect the presence of an issue ripe for its consideration." *Mele v. Fitchburg Dist. Court*, 850 F.2d 817, 821 (1st Cir.1988). The Appeals Court decision, (and the trial judge's decisions referenced in the Appeals Court decision) are "appended to the ALOFAR not for independent study, but so that the SJC may weigh the arguments for reversal or modification *contained in the ALOFAR* against the [Appeals Court's] rationale *on those issues.*" *Id.* at 822. Moreover, the SJC "is entitled to assume that the parties are content with rulings to which no objection is timely noted and preserved." *Id.* The burden of identifying the issues presented to the SJC remains with the litigant. *Id.*

In sum, the fact that points (a) and (b) were included in the Memorandum of Decision attached to the ALOFAR does not make them exhausted for purposes of habeas review where they are not mentioned in the ALOFAR itself. Therefore, this court finds that these points were not exhausted.

### C. *Effect of a Mixed Petition*

 The Respondent has moved to dismiss the habeas petition on the grounds that it contains unexhausted claims in addition to the claims that are admittedly exhausted. It is well established, however, that where, as here, a petition is a "mixed petition" in that it contains both exhausted and unexhausted claims, the federal court either should stay the matter to enable the petitioner to pursue his remedies in state court or, if a stay is not warranted, the

238

court "should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims." *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910, 924–25, 166 L.Ed.2d 798 (2007) (internal quotation omitted). "[T]he district court should dismiss the entire petition without prejudice" only if the petitioner declines to dismiss his unexhausted claims. *Clements*, 485 F.3d at 169. Therefore, as detailed below, this court recommends that Powers be given the opportunity to dismiss his unexhausted claims. If he fails to do so, the Respondent should be given the opportunity to renew his motion to dismiss.

■ Powers has moved for a stay of the entire petition to allow him to return to state court to continue his appeal of his unexhausted claims. This is a request for a "stay and abeyance" whereby "petitioner would receive a stay in his federal habeas case, permitting him to return to state court to complete the requirements for exhaustion on any unexhausted claims, and he could subsequently return to federal court to pursue his habeas claims." *Clements*, 485 F.3d at 169. In *Rhines v. Weber*, 544 U.S. 269, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005), the Supreme Court held that this procedure would be appropriate where "the district court determines there was good cause for the petitioner's failure to exhaust his claims first in the state court," the "unexhausted claims are potentially meritorious" and "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 277–278, 125 S.Ct. at 1535. The Court further noted that stay and abeyance "should only be available in limited circumstances." *Id.* at 277, 125 S.Ct. at 1535. As detailed herein, Powers has not established "good cause" for his failure to exhaust his claims. Finally, the Court held that where stay and abeyance is not merited, "the court should allow the petitioner to delete the unex-

hausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief." *Id.* at 278, 125 S.Ct. at 1535.

Powers contends that because there was no reason for his counsel *not* to include in his ALOFAR the issues raised in the motion for a new trial and in his direct appeal, and because his counsel was obligated to preserve his claims for federal habeas review, he has established "good cause" for stay and abeyance under *Rhines*. This court finds this argument unpersuasive.

As an initial matter, Powers' argument, essentially, is that every time an issue is raised before the Appeals Court but not included in the ALOFAR, the claims should nevertheless be reviewable by a habeas court since there was "good cause" to explain its omission from the ALOFAR. Clearly, this would undermine the purpose of the exhaustion requirement and be an overly expansive reading of the "limited circumstances" in which the stay and abeyance is appropriate. *Id.*

Moreover, "the intentional decision to omit some claims from the ALOFAR cannot amount to good cause." *Clements*, 485 F.3d at 170. In the instant case, there were a number of arguments raised in the motion for new trial and on direct appeal which were soundly rejected by the state courts. For example, both the trial court and the Appeals Court explained in detail how any claim that Powers was not the driver would have seriously undermined his credibility and would not have withstood scrutiny, especially in light of his admission to being the driver. (*See, e.g.,* Mem. Dec. (SA Ex. 6) at 2–3; *Powers,* 2006 WL 2472911, at *2). The "process of 'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail, far from being evidence of incom-

petence, is the hallmark of effective appellate advocacy." *Smith v. Murray*, 477 U.S. 527, 536, 106 S.Ct. 2661, 2667, 91 L.Ed.2d 434 (1986) (quoting *Jones v. Barnes*, 463 U.S. 745, 751–52, 103 S.Ct. 3308, 3313, 77 L.Ed.2d 987 (1983)). Thus, there were strategic reasons not to include all claimed errors in the ALOFAR and Powers has failed to establish that there was "good cause" for failing to exhaust his state remedies. *See Josselyn,* 475 F.3d at 5.

Finally, this court notes that there have been detailed analyses of Powers' claims by both the trial judge and the Appeals Court. The unexhausted claims consist primarily of evidentiary objections which raise issues of state law which are not appropriate for federal habeas review. For this reason as well, a stay is not appropriate.

### IV. *CONCLUSION*

For all the reasons detailed herein, this court finds that the three claims in dispute were not exhausted. This court recommends to the District Judge to whom this case is assigned that the Respondent's Motion to Dismiss (Docket No. 9) be DENIED and that Power's Request to Stay (Docket No. 14) be DENIED. In addition, this court recommends that petitioner be given thirty (30) days from the District

Judge's ruling to drop his unexhausted claims. If he fails to do so, the Respondent should be allowed to renew his motion to dismiss.[7]

---

7. The parties are hereby advised that under the provisions of Fed.R.Civ.P. 72 any party who objects to these proposed findings and recommendations must file a written objection thereto with the Clerk of this Court within 10 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with this Rule shall preclude further appellate review. *See*

*Keating v. Sec'y of Health & Human Servs.,* 848 F.2d 271, 275 (1st Cir.1988); *United States v. Valencia–Copete,* 792 F.2d 4, 6 (1st Cir.1986); *Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603, 604–605 (1st Cir.1980); *United States v. Vega,* 678 F.2d 376, 378–79 (1st Cir.1982); *Scott v. Schweiker,* 702 F.2d 13, 14 (1st Cir.1983); *see also Thomas v. Arn,* 474 U.S. 140, 153–54, 106 S.Ct. 466, 474, 88 L.Ed.2d 435 (1985). *Accord Phinney v. Wentworth Douglas Hosp.,* 199 F.3d 1, 3–4 (1st Cir.1999); *Henley Drilling Co. v. McGee,* 36 F.3d 143, 150–51 (1st Cir.1994); *Santiago v. Canon U.S.A., Inc.,* 138 F.3d 1, 4 (1st Cir. 1998).